UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

KATHRYN L. KORNBLUM,            )
Administrator and Personal Representative )
of the Estate of Jerry W. Duncan, Deceased, )
        Plaintiff,            )
                                )
   vs.                          )       3:03-cv-057 RLY-WGH
                                )
CSX TRANSPORTATION, INC.,       )
        Defendant.            )

**ENTRY ON DEFENDANT'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Kathryn L. Kornblum, administrator and personal representative of the estate of Jerry W. Duncan, deceased ("Plaintiff"), filed this action for wrongful death pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Jerry W. Duncan ("Duncan" or "Decedent"), who was employed by CSX Transportation, Inc. ("Defendant"), died intestate on September 2, 2002. This case was filed for and on behalf of Duncan's estate and for the benefit of his children, including Leah Ritter ("Ritter"), Heather Duncan ("Heather"), and any others, known or unknown. The matter is now before the court on CSX's First Motion for Partial Summary Judgment, in which CSX argues that because Ritter had no personal relationship with her father, she is not entitled to recover under FELA. For the following reasons, CSX's Motion is **granted**.

**I.     Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996).  The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *National Soffit & Escutcheons, Inc.*, 98 F.3d at 265.

**II.    Factual Background**

The following facts are undisputed.  Ritter was born on March 7, 1984.  She is Duncan's daughter, but her mother never married Duncan. (Ritter Dep. at 6).  Ritter never knew Duncan; she never met him, never tried to contact him, and would not have recognized him. (Ritter Dep. at 5-6, 10).  Ritter knew her father's name and knew that he

worked for the railroad. (Ritter Dep. at 6). Ritter learned of her father's death when she heard about it on the radio, and she did not attend his funeral. (Ritter Dep. at 7-8).

Throughout Ritter's life, Duncan made regular child support payments of $100 per month to Ritter's mother through the Vanderburgh Superior Court. (*See* Ex. B; Ritter Dep. at 7-8). The June 17, 1985 Agreed Entry from the Vanderburgh Superior Court specifies child support in the amount of $25 per week, but Duncan made single monthly payments of $100. (Ex. C). Ritter never received any other gifts or money from Duncan. (Ritter Dep. at 8). Ritter was approximately eighteen and a half years old when Duncan died, and she reached the age of majority on March 7, 2005. *See* Ind. Code 31-16-6-6(a) ("The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age."); *Sebastian v. Sebastian*, 798 N.E.2d 224, 229 (Ind. Ct. App. 2004).

Duncan also had a second daughter, Heather, who had a different mother than Ritter. Duncan, Heather, and her mother lived together as a family until Heather was sixteen or seventeen years old. (Heather Dep. at 8). At that point, Duncan moved out of their home, but he maintained a relationship with Heather until his death. (*See generally*, Heather Dep.). Duncan would give Heather money several times a month. (Heather Dep. at 12).[1]

## III.   Analysis

---

[1] This fact may be in dispute in CSX's Second Motion for Partial Summary Judgment, but it is immaterial here.

### A. Standard for Recovery Under FELA

Under FELA, a railroad employee's personal representative (in this case, Kornblum) has a right to recover damages to compensate the Decedent's children for any pecuniary loss they sustain as a result of the employee's wrongful death. 45 U.S.C. § 51. Minor children are entitled to pecuniary benefits including compensation for "the loss of care, counsel, training, and education which [the children] might, under the evidence, have reasonably received from the parent, and which can only be supplied by the service of another for compensation." *Michigan Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 71 (1913). An adult child of the decedent may also recover pecuniary damages after the age of majority if there is evidence introduced to show such damages. *See Louisville & Nashville R.R. Co. v. Wingo's Administratrix*, 281 S.W. 170, 173 (Ky. 1926) (giving examples of dependent children in poor health, and dependent children with limited mental abilities); *see also Boller v. Pennsylvania R.R. Co.*, 185 F.Supp. 505, 508 (N.D. Ind. 1960).

Recovery under FELA is limited by a reasonableness analysis: "[d]amages in a death action based upon the Federal Employers' Liability Act are to be gauged by the reasonable expectation of pecuniary benefits which would have resulted from the continued life of the deceased." *Stark v. Chicago, North Shore & Milwaukee Ry. Co.*, 203 F.2d 786, 788 (7th Cir. 1953) (citing *Chesapeake & Ohio Ry. Co. v. Kelly*, 241 U.S. 485, 489 (1916)). Recovery for lost love or affection is not allowed. 45 U.S.C. § 51; *see Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).

### B. Application

Plaintiff has made a claim for damages for "[t]he reasonable value of any money, goods, services, and benefits that Decedent would have provided to Leah Ritter . . . had Decedent not died on September 2, 2002" and for "[t]he reasonable value of Leah Ritter's loss of any care, attention, instruction, training, advice, and guidance from Decedent." (Complaint, Count III). In accordance with the FELA standard outlined above, Plaintiff can only recover for the lost pecuniary benefits that Ritter had a reasonable expectation of receiving. *See*, *e.g.*, *Norfolk & W. R.R. Co. v. Holbrook*, 235 U.S. 625, 629 (1915).

In the Motion before the court, Defendant argues that Ritter's pecuniary loss should be limited to her expectation of continued child support from Duncan; that is, $100 per month from the time of Duncan's death until Ritter's 21st birthday. Plaintiff counters that so limiting Ritter's damages would amount to "pure speculation" on the court's part. In support of this argument, Plaintiff cites to *Boller* and *Wingo* for the proposition that the issue of pecuniary loss after the age of majority is a question best left to the jury. *Boller*, 185 F.Supp. 505; *Wingo*, 281 S.W. at 173. Further, Plaintiff offers evidence of Duncan's ongoing relationship with his other daughter, Heather, as evidence that he would have had some sort of relationship with Ritter after she reached the age of majority.

First of all, *Boller* and *Wingo* do not indicate that the question of pecuniary damages is automatically a jury issue. Those cases held that a child may recover for pecuniary damages after the age of majority *if* there is evidence introduced to show such

damages. *E.g.*, *Wingo*, 281 S.W. at 173 (giving examples of children sent to college by their parents, dependent children in poor health, and dependent children with limited mental abilities). The *Wingo* court thus held that "the time during which children may reasonably expect pecuniary benefit from their father is a question for the jury to be determined in the light of all the facts and circumstances, and should not be limited by instruction to the period of their infancy." *Id*. Here though, there is no evidence of any dependency or expectation on Ritter's part that Duncan would continue to support her. *See Boller*, 185 F.Supp. 505, 508 ("in the absence of some proof . . . that the child might reasonably be expected to need the support of the parent beyond the period of minority and some reasonable expectation of receiving such support from this parent, we do not think there would be any basis for such a recovery").

Secondly, evidence of Duncan's relationship with Heather cannot be substituted for evidence of a relationship between Duncan and Ritter. A child's reasonable expectation of future benefits is based on the past benefits received from the decedent. *Cleveland Tankers, Inc. v. Tierney*, 169 F.2d 622, 624 (6th Cir. 1948) (citing *Moffett v. Baltimore & Ohio R.R. Co.*, 220 F.2d 39 (4th Cir. 1914)); *see also Estate of Gearheart*, 584 N.W. 2d 327, 330 (Iowa 1998) ("the existence of a reasonable expectancy must be grounded on reasonably continuous acts or conduct of the deceased"). In the case at bar, Ritter's only past benefits from Duncan were the $100 monthly child support payments. The fact that Duncan raised Heather and continued to have a father-daughter relationship with her has no bearing on his relationship with Ritter. There is simply no evidence to

show that after eighteen and a half years of silence, Duncan would have abruptly reached out to establish a relationship with Ritter, to provide her with any benefits, or to give her any guidance.  To send this issue to the jury would be inviting blind speculation. "Inferences that are supported only by speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

## IV.     Conclusion

The undisputed facts in this case establish that Ritter had no reasonable expectation, either before or after reaching the age of majority, of receiving pecuniary benefits from the Decedent other than the $100 monthly child support payments he made. Since Duncan died 30¼ months before Ritter reached the age of majority, the court finds that he would have made no more than $3100 in child support payments before Ritter reached the age of majority.[2]

Therefore, the court **grants** CSX's First Motion for Partial Summary Judgment. Specifically, the court **denies** Plaintiff's claims for Ritter's lost care, attention, instruction, training, advice, or guidance.  The court **limits** Plaintiff's claim for any lost money, goods, services, or benefits that Duncan would have provided to Ritter to the amount of child support Ritter would have received prior to reaching the age of 21 on

---

[2] CSX has suggested that the final month of child support should be prorated, thus limiting Plaintiff's claims for Ritter's loss to $3,025.  However, the record shows that Duncan forewent the option of making weekly payments in favor of making monthly payments.  (*See* Ex. C).  Taking the evidence in the light most favorable to Plaintiff, the court presumes that the final payment could have been made for a full month.

March 7, 2005.

**It is so ordered** this 24th day of May 2005.

                                                    RICHARD L. YOUNG, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

Electronic copies to:

A. V. Conway II
CONWAY & KEOWN
sbclaw@bellsouth.net

Rick A. Cory
DANKS & DANKS
rickcory@danks-danks.com

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Heather L. Emenhiser
STUART & BRANIGIN LLP
hle@stuartlaw.com