UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KATHRYN L. KORNBLUM, | ) | |
| Administrator and Personal Representative | ) | |
| of the Estate of Jerry W. Duncan, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:03-cv-057 RLY-WGH |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Kathryn L. Kornblum, administrator and personal representative of the estate of Jerry W. Duncan, deceased ("Plaintiff"), filed this action for wrongful death pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Jerry W. Duncan ("Duncan" or "Decedent"), who was employed by Defendant CSX Transportation, Inc. ("CSX"), died intestate on September 2, 2002. This case was filed for and on behalf of Duncan's estate and for the benefit of his children, including Leah Ritter ("Ritter"), Heather Duncan ("Heather"), and any others, known or unknown. The matter is now before the court on CSX's Second Motion for Partial Summary Judgment, in which CSX argues that Plaintiff is not entitled to recover any damages for any loss sustained by Heather. For the following reasons, CSX's Motion is **granted**.

1

## I. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *National Soffit & Escutcheons, Inc.*, 98 F.3d at 265.

## II. Factual Background

Heather was born on October 12, 1979, and she is Duncan's daughter. (Plaintiff's Answer to Defendant's Interrogatory No. 5 (Ex. A)). Duncan, Heather, and her mother (Janice Hamm) lived together as a family until Heather was sixteen or seventeen years old. (Heather Dep. at 8). At that point, Duncan moved out of their home, but he

2

maintained a relationship with Heather until his death.  (*See generally*, Heather Dep.).  Heather would occasionally stay at Duncan's house.  (Heather Dep. at 9).  Heather claims that Duncan would give her money several times a month when she would ask for it, and Duncan bought Heather her first two cars.  (Heather Dep. at 10, 13, 24).  Generally, Heather would see or talk with Duncan three to four times a week.  (Heather Dep. at 7).  At the time of Duncan's death, however, Heather had not seen or talked with him in about three weeks, because he was upset after she had told him that she was pregnant.  (Heather Dep. at 6-7).

In the Complaint, Plaintiff makes two claims for damages involving Heather.  One is for "[t]he reasonable value of Heather Duncan's loss of any care, attention, instruction, training, advice, and guidance from Decedent."  (Complaint, Count III, ¶ 2(c)).  The second is for "[t]he reasonable value of any money, goods, services, and benefits that Decedent would have provided to . . . Heather Duncan . . . had Decedent not died on September 2, 2002"  (Complaint, Count III, ¶ 2(a)).[1]

### III.   Analysis

#### A.   Standard for Recovery Under FELA

Under FELA, a railroad employee's personal representative (in this case, Kornblum) has a right to recover damages to compensate the decedent's adult children for

---

[1] Plaintiff also included funeral expenses in her initial calculation of damages, but she has since conceded that funeral expenses are not recoverable under FELA.  *See* Plaintiff's Response to Defendant's Second Motion for Partial Summary Judgment at 1; *see also*, *e.g.*, *Dubose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1033 (5th Cir. 1984).

any pecuniary loss they sustain as a result of the employee's wrongful death. 45 U.S.C. § 51. Recovery under this provision is limited by a reasonableness analysis: "[d]amages in a death action based upon the Federal Employers' Liability Act are to be gauged by the reasonable expectation of pecuniary benefits which would have resulted from the continued life of the deceased." *Stark v. Chicago, North Shore & Milwaukee Ry. Co.*, 203 F.2d 786, 788 (7th Cir. 1953) (citing *Chesapeake & Ohio Ry. Co. v. Kelly*, 241 U.S. 485, 489 (1916). A child's reasonable expectation of future benefits is based on the past benefits received from the decedent. *Cleveland Tankers, Inc. v. Tierney*, 169 F.2d 622, 624 (6th Cir. 1948) (citing *Moffett v. Baltimore & Ohio R.R. Co.*, 220 F.2d 39 (4th Cir. 1914)); *see also Estate of Gearheart*, 584 N.W. 2d 327, 330 (Iowa 1998) ("the existence of a reasonable expectancy must be grounded on reasonably continuous acts or conduct of the deceased").

Minor children are entitled to pecuniary benefits including compensation for "the loss of care, counsel, training, and education which [the children] might, under the evidence, have reasonably received from the parent, and which can only be supplied by the service of another for compensation." *Michigan Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 71 (1913). Recovery for lost love or affection is not allowed. 45 U.S.C. § 51; *see Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).

An adult child of the decedent may also recover pecuniary damages after the age of majority if there is evidence introduced to show such damages. *See Louisville & Nashville R.R. Co. v. Wingo's Administratrix*, 281 S.W. 170, 173 (Ky. 1926) (giving

4

examples of dependent children in poor health, and dependent children with limited mental abilities); *see also Boller v. Pennsylvania R.R. Co.*, 185 F.Supp. 505, 508 (N.D. Ind. 1960).  However, as explained in *Boller*, "in the absence of some proof . . . that the child might reasonably be expected to need the support of the parent beyond the period of minority and some reasonable expectation of receiving such support from this parent, we do not think there would be any basis for such a recovery."  *Boller*, 185 F.Supp. at 508; *see also Kozar v. Chesapeake & Ohio R.R. Co.*, 449 F.2d 1238, 1243 (6th Cir. 1971) ("In the absence of evidence that an adult child is either dependent upon or had any reasonable grounds for expecting any pecuniary benefit from a continuance of the decedent's life, a recovery on behalf of such child is excluded.") (quoting *Thompson v. Camp*, 163 F.2d 396, 403 (6th Cir. 1947) (*cert. denied*, 333 U.S. 831 (1948))).

### B. Application

Heather had reached the age of majority before Duncan died, and so she is not entitled to any damages for "[t]he reasonable value of Heather Duncan's loss of any care, attention, instruction, training, advice, and guidance from Decedent."  (Complaint, Count III, ¶ 2(c)); *see Norfolk & W. R.R. Co. v. Holbrook*, 235 U.S. 625, 629 (1915) (the jury can consider "the care, attention, instruction, training, advice, and guidance which the evidence showed [decedent] reasonably might have been expected to give his children *during their minority*, and to include the pecuniary value thereof in the damages assessed") (emphasis added); *Michigan Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 71 (1913) (pecuniary damages allowable *"when the beneficiary is a child*, for the loss of that

5

care, counsel, training, and education which it might, under the evidence, have reasonably received from the parent, and which can only be supplied by the service of another for compensation") (emphasis added).  Plaintiff does not cite to and the court is unable to find any case law supporting the idea that an adult child can recover pecuniary damages based on the loss of guidance, attention, advice, or the like.

Plaintiff's second claim for damages is based on "[t]he reasonable value of any money, goods, services, and benefits that Decedent would have provided to . . . Heather Duncan . . . had Decedent not died on September 2, 2002."  (Complaint, Count III, ¶ 2(a)).  Here the question is whether Heather had a reasonable expectation of receiving future pecuniary benefits from Duncan.

According to Plaintiff,

> decedent's actions reflected a continuous and ongoing support of Heather well after she had reached the age of majority . . . it included providing cash income; providing two separate cars; providing health insurance; providing for Heather's continued education at Ivy Tech; listing Heather as the beneficiary on decedent's life insurance policies; and placing Heather's name on all of decedent's money accounts.

(Plaintiff's Response to Defendant's Second Motion for Partial Summary Judgment at 4). Review of the record, however, leads the court to conclude that at the time of Duncan's death, Heather was not entitled to be carried on his health insurance policy.  (*See* Ex. G (Eligibility requirements for CSX's Health Insurance Plan)).  Furthermore, it was Heather's mother who paid her tuition at Ivy Tech, after which Duncan allegedly reimbursed her with cash.  (Janice Hamm Dep. at 10-11).  While Heather would receive

6

cash from Duncan a few times a month, there is no evidence regarding the amount of money so received or the reasons it was given. (Heather Dep. at 13). Likewise, there are no bank records to show that the tuition reimbursement payments were made; thus, there is no indication of what the amounts of these payments might have been.

Heather was twenty-two years old when Duncan died. She had not lived in Duncan's home or been claimed as his dependent for tax purposes since 1996. (*See* Ex. E). She is a high school graduate with a child of her own. After high school, she held various jobs and lived in her own apartment, and eventually she moved back in with her mother and went back to school. (Janice Hamm Dep. at 4-5). The picture before the court is simply not one of Heather's dependence upon Duncan.

Despite Plaintiff's assertion to the contrary, this case is clearly analogous to the one presented in *Kozar*, where the court found that

> Neither of decedent's adult daughters was dependent upon him and evidence of an occasional gift and casual advice standing alone does not provide reasonable grounds sufficient to support a recovery for pecuniary loss. Where the fact of damage is uncertain, the rule that precludes the recovery of uncertain and speculative damages applies.

*Kozar*, 449 F.2d at 1243-44. Here, as in *Kozar*, there is no probative evidence that would permit "the jury to resort to other than sheer speculation or guesswork that the claimant[] would be damaged by being deprived of pecuniary benefits from the continuance of [her] father's life . . . ." *Id*. at 1244.

**IV.    Conclusion**

For the foregoing reasons and based on the record as a whole, the court finds that Heather had no reasonable expectation of receiving future pecuniary benefits from Duncan.  Consequently, CSX's Second Motion for Partial Summary Judgment is **granted** in its entirety.

**It is so ordered** this 24th day of May 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

A. V. Conway II
CONWAY & KEOWN
sbclaw@bellsouth.net

Rick A. Cory
DANKS & DANKS
rickcory@danks-danks.com

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Heather L. Emenhiser
STUART & BRANIGIN LLP
hle@stuartlaw.com