UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KATHRYN L. KORNBLUM, | ) | |
| Administrator and Personal Representative | ) | |
| of the Estate of Jerry W. Duncan, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:03-cv-057 RLY-WGH |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| Defendant. | ) | |

**ORDER ON (1) DEFENDANT'S MOTION TO EXCLUDE AND MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) DEFENDANT'S MOTION TO HOLD HEARING ON DAUBERT ISSUE; AND (3) PLAINTIFF'S MOTION TO EXCLUDE**

The court granted partial summary judgment in Defendant's favor in May, 2005. The remaining issue for trial is whether decedent Jerry W. Duncan suffered conscious pain and suffering prior to his death.

**I.     Defendant's Motion to Exclude and Motion for Partial Summary Judgment**

In it's Motion to Exclude and Motion for Partial Summary Judgment, Defendant CSX Transportation, Inc. ("CSXT") argues that the testimony of Plaintiff's expert witness, Dr. Frist, should be excluded. Dr. Frist is expected to testify that Duncan likely bled to death and that he was conscious for between thirty second and two minutes following his injuries. Without Dr. Frist's testimony, Plaintiff would be unable to establish that Duncan suffered prior to his death.

CSXT does not dispute Dr. Frist's credentials as an expert, nor does CSXT dispute the reliability of the autopsy report upon which Dr. Frist relied in reaching his opinion. (Reply Brief at 5.) Rather, CSXT argues that Dr. Frist's opinion does not sufficiently "fit" the underlying facts in this case. The court finds that Dr. Frist's opinions are closely enough related to the underlying facts of this case to be relevant and helpful to the triers of fact. *See*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). Because CSXT's Motion to Exclude Dr. Frist's testimony is denied, CSXT's Motion for Partial Summary Judgment is also denied.

## II.     Defendant's Motion to Hold a Hearing on the Daubert Issue

The court has discretion to decide whether to hold a *Daubert* hearing. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The court finds such a hearing unnecessary.

## III.    Plaintiff's Motion to Exclude

CSXT has two expert witnesses, Jan Leestma, M.D., a forensic neuropathologist, and Dr. John Trimble, PhD, a biomechanical engineer. Plaintiff concedes that Dr. Leestma is qualified to testify but argues that he should be excluded. Dr. Leestma testified in his deposition that Duncan could have been rendered unconscious by the impact from the train or could have been rendered unconscious prior to impact by a heart attack. Plaintiff argues that because Dr. Leestma offered two possible explanations for what happened, his testimony is unreliable. To the contrary, the court finds that Dr. Leestma's testimony is relevant to the both the fact finder's evaluation of Dr. Frist's

testimony and to the fact finder's determination of what happened.

Plaintiff further argues that Dr. Trimble should be excluded simply because he is not a physician. Dr. Trimble's expertise is in human physiology and biomechanics; the fact that he is not a physician does not change the fact that he is a biomechanics expert. He will be allowed to testify.

**IV.     Conclusion**

Defendant's Motion to Exclude and Motion for Partial Summary Judgment is **denied**. Defendant's Motion to Hold a Hearing on the Daubert Issue is **denied**. Plaintiff's Motion to Exclude is **denied**.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Dated: 11/28/2005

Electronic copies to:

A. V. Conway II
CONWAY & KEOWN
sbclaw@bellsouth.net

Rick A. Cory
DANKS & DANKS
rickcory@danks-danks.com

John C. Duffey
STUART & BRANIGIN LLP

jcd@stuartlaw.com

Heather L. Emenhiser
STUART & BRANIGIN LLP
hle@stuartlaw.com